IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROY McGEE                          §
                                   §
            Plaintiff,             §
                                   §
VS.                                §        NO. 3-08-CV-2062-G
                                   §
WARDEN CAMNOVA, ET AL.             §
                                   §
            Defendants.            §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Roy McGee, a former inmate in the Hutchins State Jail, against the warden and two jail employees. On November 18, 2008, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on November 24, 2008. The court now determines that this case should be summarily dismissed because the only relief sought by plaintiff, an injunction, has been rendered moot by his transfer to another prison or his release from confinement.

## II.

Plaintiff, a practicing Muslim, generally alleges that officials at the Hutchins State Jail refused to accommodate his religious beliefs. Among the litany of complaints made by plaintiff are that he was served "cool food" during Ramadan, that he was not provided with a special meal to break the Ramadan fast, that he was not allowed to pray on three occasions, that he was prohibited from wearing a Muslim prayer cap, that he was verbally abused by jailors because of his religion, and that the kitchen staff once served him pork. (*See* Plf. Compl. at 4 & Exh. 1; Mag. J. Interrog. #4-6, 8). By this suit, plaintiff seeks an injunction:

> to be able to worship without being mess [sic] with and to be able to make Friday prayer and Ta'leen on Sunday and to be able to have some type of meat to eat and to wear our cap's [sic] and new people to want to enbrace [sic] islam [sic] have that right and have there [sic] record show this vital fact that they are Muslim.

(Mag. J. Interrog. #7; *see also* Plf. Compl. at 4, ¶ 6).

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1)  is frivolous or malicious;

(2)  fails to state a claim on which relief can be granted; or

(3)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and

"formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65.

"Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at

1965. The court must accept all well-pleaded facts as true and view the allegations in the light most

favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.

2007), *cert. denied*, 128 S.Ct. 1231 (2008).

## B.

The only relief requested by plaintiff is an injunction to prohibit jail officials from interfering

with his right to practice his religion. However, plaintiff is no longer incarcerated in the Hutchins

State Jail.[1] Whether plaintiff has been transferred to another prison or released from custody, his

claim for injunctive relief is now moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)

(transfer from prison where alleged civil rights violation occurred rendered moot claim for injunctive

relief); *Powell v. Maddox*, No. 2-97-CV-0280-J, 2003 WL 21518371 at *1 (N.D. Tex. Apr. 15,

2003), *aff'd*, 81 Fed.Appx. 476, 2003 WL 22734607 (5th Cir. Nov. 20, 2003) (same as to claim for

injunctive relief asserted by prisoner who was released from custody). Accordingly, this action

should be summarily dismissed. *See Witty v. Scott*, No. 3-01-CV-0182-X, 2001 WL 493145 at *2

(N.D. Tex. May 7, 2001), *rec. adopted*, 2001 WL 733444 (N.D. Tex. Jun. 26, 2001) (dismissing *pro se* prisoner civil rights complaint alleging violation of First Amendment right to practice religion

where only relief sought was an injunction and inmate was transferred to different prison after filing

suit).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] On December 4, 2008, correspondence sent to plaintiff at the Hutchins State Jail was returned to the clerk with the notation "RT/Released." (*See* Doc. #7).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE